IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MEISAM SEDIGHI, | |
| Plaintiff, | 8:25CV500 |
| vs. | |
| FARRIS ENGINEERING, Inc. (Kate Breitenfeld); | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff Meisam Sedighi's Complaint filed on August 11, 2025. Filing No. 1. Plaintiff is a non-prisoner, is not represented by counsel, and proceeds in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs

must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. DISCUSSION

Plaintiff sues Farris Engineering, Inc., alleging his employment was terminated in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 to 12117, and Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, (for national origin discrimination). Plaintiff filed a charge with the EEOC and received his right to sue letter on June 16, 2025. Filing No. 1 at 7. Plaintiff's complaint was timely filed on August 11, 2025.

To prove he was terminated based on national origin, Plaintiff must show he is a member of a protected class, was qualified to perform his job at Farris Engineering but was terminated, and he was treated differently than similarly situated employees who were not members of the protected class. *Lixin Liu v. BASF Corp.*, 409 F. App'x 988, 990 (8th Cir. 2011). Here, Plaintiff

alleges he was hired by Farris Engineering as a Senior Electrical Engineer on March 27, 2023, and received a positive evaluation with a salary increase. On or around June 5, 2024, he was placed on a performance improvement plan (PIP) after disclosing his intent to move after obtaining an H1B visa. Other similarly situated employees were not placed on a PIP. After being placed on the PIP, Plaintiff received no constructive feedback. On July 10, 2024, Plaintiff was discharged for failing to meet the expectations of his PIP. He then applied for and received another position. But after re-locating to the area of that job, the job offer was rescinded because Farris pulled his visa application. Plaintiff seeks recovery of damages.

Plaintiff alleges he was treated differently than other similarly situated employees, but that statement is conclusory, and it is disregarded by the Court because it lacks any alleged supporting facts. Liberally construed, Plaintiff alleges he is from a foreign country and was successfully performing his job at Farris, but, when he stated he intended to obtain an H1B visa, Farris fired him and withdrew his ability to work elsewhere in the United States. Plaintiff's allegations show he may have been discriminated against based on his immigration status, but "nothing in [Title VII] makes it illegal to discriminate on the basis of citizenship or alienage." *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 95 (1973). Plaintiff has failed to state a claim of national origin discrimination. *See Lixin Liu*, 409 F. App'x at 991 (holding claim that worker was treated differently than his coworkers who did not require authorization to work in this country did not support a claim of national origin discrimination).

Plaintiff also seeks recovery under the ADA. To prove disability discrimination, Plaintiff must show that (1) he was disabled within the meaning of the ADA; (2) he is both qualified and able, with or without

3

accommodations, to perform the job; and (3) he was fired because of the disability. *Denson v. Steak 'n Shake, Inc.*, 910 F.3d 368, 370–71 (8th Cir. 2018). A person is disabled within the meaning of the ADA only if he demonstrates that he has a physical or mental impairment which substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis University*, 184 F.3d 1017, 1027 (8th Cir. 1999).

Plaintiff alleges he disclosed a disability to Farris Engineering when he was hired, and he was granted a flexible schedule as an accommodation for that disability. But then the defendant used Plaintiff's flexible schedule to accuse him of absenteeism and ultimately fire him. Liberally construed, Plaintiff has alleged he was qualified and able to do his job and he was fired because he needed disability accommodations. But Plaintiff has failed to allege facts showing he has a disability within the meaning of the ADA. Plaintiff's complaint fails to state a claim for disability discrimination in violation of the ADA.

### III. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons discussed herein, the complaint fails to state a claim upon which relief may be granted, but rather than dismissing the complaint at this time, Plaintiff will be afforded an opportunity to file an amended complaint.

Accordingly,

IT IS ORDERED

1. Plaintiff shall have until **November 10, 2025**, to file an amended complaint. Failure to file an amended complaint within the time specified by

the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: "**November 10, 2025**: check for amended complaint."

5. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 9th day of October, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge