IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MEISAM SEDIGHI,<br><br>Plaintiff,<br><br>vs.<br><br>FARRIS ENGINEERING, Inc. (Kate Breitenfeld);<br><br>Defendant. | **8:25CV500**<br><br>**MEMORANDUM AND ORDER** |

This closed case is before the Court on Plaintiff's motion to seal the docket, Filing No. 21, and motion for expedited consideration of his motion to seal, Filing No. 22. For the reasons that follow, the Court will grant Plaintiff's motion to seal in part and only with respect to certain court records and will deny his motion for expedited consideration as moot.

## I. BACKGROUND

Plaintiff filed his original complaint in this action on August 11, 2025, alleging employment discrimination claims against the defendant. Filing No. 1. After the Court determined his complaint failed to state a claim for relief, *see* Filing No. 6, Plaintiff filed an amended complaint, Filing No. 14, with supporting exhibits, Filing No. 15, on January 8, 2026. On February 26, 2026, the Court dismissed the amended complaint without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). Filing No. 17.

Subsequently, on May 31, 2026, Plaintiff filed his motion to seal. Plaintiff asks the Court to seal the docket and judicial records in this case because:

1. The docket and filings contain sensitive personal information concerning Plaintiff's employment history, immigration-related matters, financial circumstances, and other private information.
2. Continued public access to these materials serves little ongoing public purpose and creates a substantial risk of continuing harm to Plaintiff's privacy interests.
3. Plaintiff has experienced and continues to experience adverse consequences arising from the public availability of the case records, including harm to employment opportunities and disclosure of sensitive personal information.

Filing No. 21. Plaintiff then asked the Court to expedite its consideration of his motion to seal because "[t]he public availability of the case and its filings continue to cause Plaintiff substantial and ongoing harm" as Plaintiff's private information was available to "prospective employers, recruiters, clients, or members of the general public," thereby "increase[ing] the likelihood of additional employment-related harm and further loss of professional opportunities." Filing No. 22.

## II. DISCUSSION

A district court "has supervisory control over its records," *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)), and "[w]hether or not to seal a court file is a decision 'best left to the sound discretion of the trial court,'" *Duckworth v. St. Louis Metro. Police Dep't*, 654 F. App'x 249, 250 (8th Cir. 2016) (quoting *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986)).

There is a common-law right of access to judicial records of a civil proceeding. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). As the Eighth Circuit has explained, "[w]hen this common-law right is implicated, 'we give deference to the trial court rather than taking the approach of some circuits and recognizing a strong presumption favoring access.'" *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 791 (8th Cir. 2021) (quoting *Webster Groves Sch. Dist.*, 898 F.2d at 1376) (internal quotation omitted). "Whether the common-law presumption can be overcome is determined by balancing 'the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed.'" *Flynt*, 885 F.3d at 511 (quoting *IDT Corp.*, 709 F.3d at 1223). The party seeking to keep the records under seal may overcome the presumption of public access to judicial records if he or she provides "the most compelling reasons" for doing so. *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (citation omitted). "Among the 'compelling reasons' for nondisclosure that the Eighth Circuit has recognized are personal and professional safety, the need to protect sensitive business information, and personal privacy." *Steele v. City of Burlington, Iowa*, 334 F. Supp. 3d 972, 981 (S.D. Iowa 2018) (citing cases).

Here, Plaintiff seeks to seal the entire docket and all judicial records in this case from public access due to his privacy interest in his personal information related to his employment history, immigration-related matters, and financial circumstances contained in the record. Plaintiff asserts that his "privacy interests . . . outweigh any remaining public interest in maintaining unrestricted access to the records in this closed matter." Filing No. 21. As indicated above, a party's personal privacy interest may be sufficient to overcome the presumption of public access to judicial records. *See Webster Groves Sch. Dist.*, 898 F.2d at 1377 (holding that news organization's interest

in unsealing the district court's file in a case between a public school district and a fourteen-year-old disabled student was clearly "outweighed by [the student's] privacy interest and the state's interest in protecting minors"). However, the Court must acknowledge that Plaintiff chose to initiate this civil case and did not seek leave to redact, restrict, or seal any of his filings prior to filing them with the Court. *See Brown v. Brown*, No. 3:08CV00173, 2008 WL 5085108, at *2 (E.D. Ark. Nov. 24, 2008) (denying plaintiff's motion to seal the record where plaintiff initiated civil suit) (citing *Hoffman v. Connecticut Nat. Bank*, 120 F.R.D. 15 (D.Conn. 1988) (holding that participation in the federal witness protection program does not shield the participant from the adverse effects of litigation which he or she has initiated); *see also* NECivR 5.3(c) (procedure for seeking leave to restrict access to unredacted documents); NECivR 7.5 (procedure for seeking leave to file a sealed document); NEGenR 1.3(g) (pro se parties generally bound by and must comply with all local and federal procedural rules).

Upon consideration of the foregoing authorities, Plaintiff's assertions in support of his motions, and the filings in this case, the Court finds that Plaintiff's Motion to Seal the Docket should be granted in part and denied in part. Specifically, the Court will grant Plaintiff's request to the extent that the Court will restrict public access to Filing No. 9-1 and Filing No. 15 as both filings contain Plaintiff's sensitive personal information such as birthdates, medical information, and immigration-related information. However, the Court will deny Plaintiff's Motion to Seal the Docket in all remaining respects because the Court finds Plaintiff has not overcome the presumption of public access with respect to the rest of the pleadings, filings, and orders on the docket.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion to seal the docket, Filing No. 21, is granted to the extent that the Clerk of Court is directed to update the docket to reflect that Filing No. 9-1 and Filing No. 15 are filed under restricted access. In all other respects, Plaintiff's motion to seal the docket is denied.

2. Plaintiff's motion for expedited consideration, Filing No. 22, is denied as moot.

Dated this 13th day of October, 2026.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge